534

W. T. MOORE AND MARY C. MOORE, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAM G. MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIDA G. MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39495, 39496, 39497. Filed December 28, 1954.

*Geo. E. H. Goodner, Esq.*, for the petitioners.
*Homer F. Benson, Esq.*, for the respondent.

536

OPINION.

Bruce, *Judge:* Petitioners contend that the Charles M. Moore Trust is a valid trust and is taxable for income tax purposes under section 161 ·(a) (4) of the Internal Revenue Code of 1939.[1]

Respondent, however, has not challenged the validity of the trust; but contends rather that even though the trust was created by the decree of the Chancery Court, petitioners were for all intents and purposes its grantors; and, since the· income therefrom, to the extent of their respective interests therein, could be accumulated or distributed to them within their discretion, the income is taxable to them under the· provisions of sections 22 (a)[2] and 167 (a) (1) and (2.)[3] of the Internal Revenue Code of 1939.

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by. this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \*

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

[2] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal services (including personal service as an officer or employee of a State, or any political· subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or in-

We agree that, to the extent of their respective interests therein, the income of the trust is taxable to each of the petitioners under the provisions of section 167 (a) (1) and (2).

Together the petitioners owned the entire assets of the residuary estate of Charles M. Moore, which was transferred to the Charles M. Moore Trust pursuant to the court decree. Although Vida G. Moore was named as defendant in the suit the court decree indicates that the suit was friendly and was instituted with the consent of all concerned. In her answer to the complaint Vida G. Moore expressly joined the complainants William T. and Samuel G. Moore in their prayer that a trust be established out of the residue of the estate. Further, the Chancery Court specifically found that the defendant, Vida G. Moore, was desirous and willing that the trust be created and that its creation was in the interest of all the parties. By consenting and joining in the prayer that the trust be created she, as well as each of the other petitioners, became a joint grantor of the trust. The fact that they chose to ask the Chancery Court to create the trust rather than joining in a written trust agreement does not make them any the less joint grantors of the trust.

By the express provisions of the trust, as proposed by the parties and adopted by the court, W. T. and Sam G. Moore, as trustees, were required to pay Vida G. Moore her share of the income, if any, as she desired or needed it, and they were authorized to accumulate or distribute their respective shares in their discretion. These provisions bring the petitioners within the language of section 167 (a) (1) and (2) in that the income from the trust may be "held or accumulated for future distribution to the grantor" in the discretion of the grantor or any person not having a substantial adverse interest in the disposition of that part of the income. Clearly, no petitioner herein has an adverse interest in the share of income belonging to any other petitioner.

Accordingly we hold that the petitioners, to the extent of their respective interests, are taxable on the income of the trust under

terest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

³ SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

* * * * * * *

then such part of the net income of the trust shall be included in computing the net income of the grantor.

section 167 (a) (1) and (2) or section 22 (a) of the Internal Revenue Code of 1939. *Theodore G. Bayard*, 16 T. C. 1345. It may be that petitioners are also liable under section 162 (b) of the Internal Revenue Code of 1939,[4] which provides that income currently distributable to a beneficiary under a trust shall be taxable to that beneficiary whether distributed or not. The income is "currently distributable" within the meaning of this section if the beneficiary has a present right to receive the income under the trust instrument. *Freuler* v. *Helvering*, 291 U. S. 35.

*Decisions will be entered for the respondent.*

---

[4] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. \* \* \*